**LAW OFFICES OF SHELBY NICOLE ALBERTS**
Shelby Nicole Alberts, SBN 283064
901 H Street, Suite 612
Sacramento, CA 95814
Telephone: 916-941-5610
shelbyalbertslaw@gmail.com

Attorneys for Defendant
**NATASHA ELIZABETH POE-CARPENTER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATASHA ELIZABETH POE-CARPENTER,<br><br>Defendant | Case No.: 2:24-cr-00140-KJM<br><br>**NOTICE OF MOTION TO REOPEN DETENTION HEARING AND FOR TEMPORARY RELEASE TO ALTERNATE CUSTODY**<br><br>Date:   December 24, 2025<br>Time:  2pm<br>Dept.: Hon. Sean C. Riordan |

TO UNITED STATES ATTORNEY NATASHA GRANT and ASSISTANT UNITED STATES ATTORNEYS ROBERT ABENDROTH AND HADDY ABOUZEID:

**PLEASE TAKE NOTICE** that, on December 24, 2025, at 2:00 p.m., defendant Natasha Poe-Carpenter, by and through undersigned counsel, will move the court to re-open the defendant's detention hearing and for her temporary release back to the custody of CDCR. The government has no objection to this motion being calendared for December 24, 2025. Pursuant to Local Rule 429, this motion is noticed to occur at least seven days before the date of the hearing on the motion.

Mr. Poe-Carpenter makes this motion on the following grounds: new information and changed circumstances exist, specifically, there has been a government shutdown that delayed

the investigation and preparation of the defense in her case. Additionally, Ms. Poe-Carpenter's current housing at the Yuba County Jail deprives her of the services she was receiving at CDCR.

This motion rests on the files and records of the case, the attached Memorandum of Points and Authorities, Declaration of Counsel, and documentary and other evidence that may be submitted in connection with the hearing.

Dated:  October 6, 2025                    Respectfully submitted,

                                           Shelby Nicole Alberts

                                           /s/ Shelby Nicole Alberts
                                           SHELBY NICOLE ALBERTS
                                           Attorney for NATASHA POE-CARPENTER

**LAW OFFICES OF SHELBY NICOLE ALBERTS**
Shelby Nicole Alberts, SBN 283064
901 H Street, Suite 612
Sacramento, CA 95814
Telephone: 916-941-5610
shelbyalbertslaw@gmail.com

Attorneys for Defendant
**NATASHA POE-CARPENTER**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>NATASHA POE-CARPENTER,<br><br>Defendant | Case No.: 2-24-cr-00140-KJM<br><br>**NOTICE OF MOTION TO REOPEN DETENTION HEARING AND FOR TEMPORARY RELEASE TO ALTERNATE CUSTODY**<br><br>Date:   December 24, 2025<br>Time:  2pm<br>Dept.: Hon. Sean C. Riordan |

### I.    PROCEDURAL BACKGROUND

Mr. Poe-Carpenter is currently serving a 4 year prison term in the California Department of Rehabilitation and Corrections after being convicted drug related crimes in 2024. Her Parole Eligible Date is July 2026. (CDCR California Incarcerated Records and Information Search (CIRIS, last accessed on December 17, 2025.) Ms. Poe-Carpenter was arraigned on the instant indictment on April 14, 2025 and ordered transported to the Sacramento Division of the Eastern District of California for further proceedings. (ECF No. 17.) Magistrate Judge Erica P. Grosjean signed a Detention Order as to Ms. Poe-Carpenter on April 14, 2025. (ECF No. 19.) Counsel was appointed pursuant to the Criminal Justice Act (CJA) on May 14, 2025. (ECF No. 23.) The matter is currently set for a Status Conference on January 6, 2026. Time has been excluded under Local Rule T4 since June 17, 2025. (ECF Nos. 29, 30, 33.)

Funding for CJA panel attorneys was depleted in July 2025. As a result, undersigned counsel had been working without significant CJA compensation on CJA cases starting in June 2025. While undersigned counsel was initially assured that payments would resume once Congress passed a budget for Fiscal Year 2026, Congress failed to pass a federal budget for Fiscal Year 2026, resulting in a continued funding lapse that began on October 1, 2025. As a direct result of congressional dysfunction, appointed counsel did not receive any significant CJA compensation from the federal government from June 2025 to December 2025. This was the longest period without CJA compensation in the history of the Criminal Justice Act. Previous government shutdowns were either very brief or were accompanied by emergency funding for defender services. This crisis was unprecedented in both duration and scope.

This shutdown and budget lapse affects the preparation of a defense in a multi-faceted manner. Not only are the attorneys not being compensated for their services, but they are also unable to avail themselves of resources that are necessary for mounting a defense – investigation, expert consultations, or any other necessary ancillary services. This created a delay in the preparation of the defense in Ms. Poe-Carpenter's case. While the future of the budget is unclear, in late November, some payments began again after the government reopened. This does not remedy the delay already incurred.

At this time, Mr. Poe-Carpenter asks that the Court consider releasing her from federal custody and release her to CDCR to finish serving her state sentence while this matter is pending. Ms. Poe-Carpenter will have access to several medical and other services she is entitled to that she is not currently receiving. At CDCR, she will also have access to education, life skills classes, and employment training. She is not a flight risk, nor are there any safety concerns, as she will be in custody.

## II. APPLICABLE LAW

Subdivision (f) of 18 U.S.C. § 3142 provide that a bail hearing:

> May be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of releases that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

When addressing the issue of a revocation of Supervised Release, the magistrate judge may release or detain the defendant under 18 U.S.C. §3143(a)(1) pending further proceedings if the defendant can establish by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community. (Fed. Rule 32.1(a)(6).)

Ultimately, in assessing release, the Court must determine whether any condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community. (18 U.S.C. § 3142(e).) Mr. Poe-Carpenter's request is solely to be transported from one custodial facility to another. Her location will be controlled and she will be accessible to law enforcement. There are no safety concerns as she will remain incarcerated while this case is pending.

### III.   ARGUMENT

When assessing release, factors to be considered regarding Mr. Poe-Carpenter's eligibility for release favor release on appropriate terms.

**A.   Weight of Evidence.**

The evidence against Mr. Poe-Carpenter consists of observations of law enforcement wherein controlled substances were found and seized. The evidence is strong that the controlled substances were being controlled by her charged co-defendant, Donald Maxwell, who is now deceased.

**B.   Nature and Circumstance of Offense.**

Mr. Poe-Carpenter has been charged with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl (21 U.S.C. § 846, 841(a); Possession with Intent to Distribute Methamphetamine (21 U.S.C. § 841(a); and Possession with Intent to Distribute Fentanyl (21 U.S.C. § 841(a). Based on the information available to the Defense at this time, nothing in the instant docket indicates a history of violent conduct.

**C.   Defendant's History and Characteristics.**

Mr. Poe-Carpenter suffers from addiction, and is currently serving a state sentence involving controlled substance. Mr. Poe-Carpenter has two sons who reside with her mother. Her mother, Darleen Poe, reports a positive and continuing relationship with her daughter. During her

current commitment at CDCR, Ms. Poe-Carpenter had been participating in several programs to include Substance Abuse Program, Anger Management Classes, Transitions classes, working in the kitchen, education, self-help, and parenting classes.

Ms. Poe-Carpenter is enthusiastic about maintaining her sobriety and building life skills during her incarceration.

**D.  Danger to any Person or the Community.**

Ms. Poe-Carpenter will remain incarcerated should the court grant her request, so there is no danger to the community.

**E.  Security/Flight Risk.**

Ms. Poe-Carpenter will remain incarcerated should the court grant her request, so there is no security or flight risk.

## IV. CONCLUSION

It is respectfully requested for Mr. Poe-Carpenter to be released to the care and custody of California Department of Rehabilitation and Corrections to continue serving her four year sentence while the instant case is pending.

Dated:  December 17, 2025

                                               Respectfully submitted,

                                               Shelby Nicole Alberts

                                               /s/ Shelby Nicole Alberts
                                               SHELBY NICOLE ALBERTS
                                               Attorney for NATASHA POE-CARPENTER

///

///

///

///

///

///

## DECLARATION OF SHELBY NICOLE ALBERTS

I, Shelby Nicole Alberts, declare:

1. I am an attorney, licensed to practice in the Eastern District of California.

2. I am currently the attorney of record in the instant case on appointment by the court, pursuant to the Criminal Justice Act (CJA).

3. Natasha Poe-Carpenter is currently serving a state prison sentence at California Department of Rehabilitation and Corrections (CDCR). Her current Parole Eligibility Date is July of 2026. She has been ordered detained in federal custody since April 14, 2025.

4. I was appointed in this matter in May of 2025, nunc pro tunc to a start date of April 21, 2025.

5. Due to the lapse in budget for funding to CJA representation occurring in 2025, I was unable to fully prepare Ms. Poe-Carpenter's defense over the course of the last several months.

6. This budget lapse delayed the preparation of the defense in this case, in violation of Ms. Poe-Carpenter's Sixth Amendment Right to Counsel.

7. I am informed and believe that Ms. Poe-Carpenter was offered the following programming opportunities while she was serving her current sentence at CDCR:

    a. Substance Abuse Program (SAP);

    b. Anger Management Classess;

    c. Transitions – classes to prepare you for work life, resume building, and explaining your gap in employment;

    d. Actual employment in the kitchen for compensation;

    e. A programming unit wherein she was mandated to do two classes per month to include parenting, self-help, Alcoholics Anonymous, arts, and crafts;

    f. Education to include GED and college classes.

8. I am informed and believe that Ms. Poe-Carpenter was offered the following necessary medical services while she was serving her current sentence at CDCR:

    a. Hepatitis C treatment to include the necessary follow up bloodwork;

    b. Medical Prescriptions free of charge.

9. I am informed and believe that Ms. Poe-Carpenter is prescribed several medications and products by a doctor; I can give further information *in camera*, upon request.

10. I am informed and believe that Ms. Poe-Carpenter is housed in Yuba County Jail pursuant to the Detention Order in the instant matter.

11. I am informed and believe Ms. Poe Carpenter receives one Anger Management course every three weeks. Outside of this class, Ms. Poe-Carpenter is not receiving any of the services described above in Items #7, #8, and #9.

12. I am informed and believe that Ms. Poe-Carpenter should have the ability to avail herself to these services as many are of health concerns and rights.

13. I am informed and believe that Ms. Poe-Carpenter is being denied the goal of rehabilitation, which is not in the interests of justice.

14. I believe that transferring Ms. Poe-Carpenter to CDCR while the current case is pending will not prejudice the government's case.

I declare under the penalty of perjury that the foregoing information is true and correct, except the matters, which are based on information and belief. As to those matters, I believe them to be true. This declaration was executed at Sacramento, California, on December 17, 2025.

_____
Shelby Nicole Alberts