ERIC GRANT
United States Attorney
HADDY ABOUZEID
ROBERT ABENDROTH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>NATASHA ELIZABETH POE-CARPENTER,<br><br>                         Defendant. | CASE NO.  2:24-CR-00140-KJM<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR BAIL REVIEW<br><br>DATE: December 22, 2025<br>TIME: 2:00 p.m.<br>COURT: Hon. Sean C. Riordan |

The defendant, Natasha Elizabeth Poe-Carpenter ("Poe-Carpenter") seeks a release back to state custody to serve the remainder of her state sentence while federal charges remain unresolved.  The United States opposes this request.  There has been no change in circumstances and Poe-Carpenter cites no authority allowing the relief she now seeks.  Therefore, this Court should deny the motion and Poe-Carpenter should remain in federal custody pending trial.  The Indictment charges Poe-Carpenter with violating  21 U.S.C. §§ 841(a)(1), 846 – conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, and at least 40 grams of a mixture or substance containing fentanyl (Count One); possession with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine (Count Two); and possession with intent to distribute at least 40 grams of a mixture or substance containing fentanyl (Count Three).  *See* Indictment, ECF No. 5.

On March 6, 2025, Magistrate Judge Carolyn K. Delaney ordered the issuance of a Writ of Habeas Corpus Ad Prosequendum.  ECF No. 14.  On April 14, 2025, Poe-Carpenter appeared for her arraignment on the indictment and submitted to detention.  *See* Minute Order, ECF No. 17; Detention Order, ECF No. 19.  Poe-Carpenter now seeks a transfer back to state custody.  However, Poe-Carpenter does not provide any authority to this Court for her requested relief.  Instead, she claims that the lapse in CJA funding constitutes a change in circumstances.  *See* Motion for Bail Review, ECF No 40.  That claim fails for two independent reasons.  First, funding issues are not a basis for bail modification under 18 U.S.C. § 3142.  The Bail Reform Act focuses on risk of nonappearance and danger to the community—not temporary administrative funding concerns.  Second, the asserted issue has been resolved.  As Poe-Carpenter notes, CJA funding has now been restored.  ECF No. 40.  Accordingly, there is no ongoing circumstance that would justify reconsideration of detention.

Further, Poe-Carpenter's motion improperly conflates return to state custody with release under federal law.  Transfer back to state custody is not a recognized alternative to detention under § 3142.  The inquiry is whether conditions of release can reasonably assure appearance and safety, not whether the defendant would prefer to serve a state sentence while federal charges remain pending.  Absent a finding under the Bail Reform Act that detention is unwarranted, there is no basis for Poe-Carpenter's release or transfer to state custody.

Poe-Carpenter has failed to demonstrate any material change in circumstances warranting bail review.  Her asserted justification is both legally insufficient and factually moot.  Continued federal custody is appropriate and necessary to ensure her appearance and the orderly resolution of this case.  A status conference in this matter is currently set for January 6, 2026, and no trial date has been scheduled.  ECF No. 39.  Poe-Carpenter's desire to return to state custody to continue serving her state sentence is not a legally cognizable basis for release.  Therefore, this Court should deny Poe-Capenter's motion for bail review.

///

///

///

///

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR BAIL REVIEW

2

Dated:  December 22, 2025

ERIC GRANT
United States Attorney

By:  /s/ HADDY ABOUZEID

HADDY ABOUZEID
Assistant United States Attorney